# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER KOLODZIEJ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 20-03431-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 13, 2020, Jennifer Kolodziej ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on July 30, 2020. (Dkt. 16.) On October 16, 2020, the parties filed a Joint Stipulation ("JS"). (Dkt. 18.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 35 year-old female who applied for Supplemental Security Income benefits on August 23, 2016, alleging disability beginning in 2003. (AR 17.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 23, 2016, the application date. (AR 19.)

Plaintiff's claim was denied initially on November 15, 2016, and on reconsideration on July 14, 2017. (AR 17.) Plaintiff filed a timely request for hearing on September 14, 2017 (AR 17), and on May 8, 2019, the Administrative Law Judge ("ALJ") Edward T. Bauer held a video hearing from Tampa, Florida. (AR 17.) Plaintiff appeared and testified at the hearing in Pasadena, California, and was represented by counsel.[1] (AR 17.) Vocational expert ("VE") John J. Komar, Ph.D., also appeared and testified at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on May 23, 2019. (AR 17-27.) The Appeals Council denied review on March 10, 2020. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

   1.   Whether the ALJ properly evaluated the opinions of the treating psychiatrist.
   2.   Whether the ALJ properly evaluated the opinions of the consultative psychologist.
   3.   Whether the ALJ properly evaluated Kolodziej's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

---

[1] At the hearing, Claimant amended the alleged onset date to August 23, 2016, the date of filing. (AR 17.)

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 23, 2016, the application date. (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: major depressive disorder; panic disorder; reading disorder; arthritis of the right ankle; ventral hernia; and morbid obesity. (AR 19-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20-22.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(b) with the following limitations:

> Claimant is limited to standing/walking a combined 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; climb, balance, stoop, kneel, crouch, and crawl not more than occasionally. Claimant must avoid concentrated exposure to hazards. Claimant remains able to perform no more than simple, routine tasks, involving no more than occasional contact with supervisors, co-workers, and members of the public. Claimant remains able to perform only low stress work (*i.e.*, no production pace or quota-driven work). Claimant is limited to simple (*i.e.*, 5th grade level or below) reading and writing.

(AR 22-26.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 24.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 26.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of advertising material distributor, housekeeping cleaner, and silver wrapper. (AR 26-27.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 27.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence in formulating Plaintiff's RFC. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred in discounting the opinions of Dr. Michael Choi, the treating psychiatrist, and Dr. Heather Tomilowitz, Ph.D., the consulting psychologist. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

The ALJ found that Plaintiff has the medical determinable impairments of major depressive disorder, panic disorder, reading disorder, arthritis of the right ankle, ventral hernia, and morbid obesity. (AR 19.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC. (AR 22.) In particular, as it relates to mental limitations, the ALJ's RFC limits Plaintiff to "no more than simple, routine tasks, involving no more than occasional contact with supervisors, co-workers, and members of the public." (AR 22.) The ALJ's RFC also limits Plaintiff to low stress work and simple reading and writing at a fifth-grade level. (AR 22.) With this RFC, the ALJ found based on VE testimony that Plaintiff can perform jobs in the national economy. (AR 27.) Consequently, the ALJ found that Plaintiff has not been disabled from August 23, 2016, through the date of decision on May 23, 2019. (AR 27.)

1.     Dr. Choi

In September 2018 reports, Dr. Michael Choi diagnosed Plaintiff with major depressive disorder, recurrent, severe. (AR 24, 645-651.) He indicated that Plaintiff has moderate to

marked mental limitations in several areas of mental functioning, precluding employment. (AR 24, 645-46, 650.) Dr. Choi found only slight limitation in the ability to carry out simple instructions but marked limitation in the ability to carry out detailed tasks, maintain attention for two hours, and complete a normal workday and workweek without interruption from psychological symptoms. (AR 645.) Dr. Choi opined Plaintiff would miss work more than 4 days a month. (AR 646.)

The ALJ gave only partial weight to Dr. Choi's opinion because the marked limitations and predicted absences from work are inconsistent with the record as well as his own mental status evaluations. (AR 25.) An ALJ may reject a treating physician's opinion that does not have supportive evidence, is contradicted by other assessments, is unsupported by the record as a whole, and is unsupported by or inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216.

Here, the ALJ found that ["f]rom 2017 to the present, mental status evaluation findings have been consistently normal or unremarkable with the exception of just a depressed and/or anxious mood." (AR 25, 667, 677, 683, 690, 701, 722, 725, 727, 729, 732, 734.) Plaintiff's treatment notes from Lakeside Community Healthcare document Plaintiff was oriented to time, place, person, and situation and had appropriate mood and affect, no agitation, and normal insight and judgment. (AR 667, 677, 683, 690, 701.) Plaintiff's treatment notes from Pacific Clinics indicate Plaintiff was calm and cooperative and had normal speech, linear thought process, and fair to good insight and judgment. (AR 722, 729.) She denied any suicidal ideations or auditory or visual hallucinations. (AR 722. 729.) Plaintiff herself states, "the Commissioner is correct that, in some examinations, results were generally unremarkable." (JS 16:12-13.) Plaintiff points to some positive findings in the above records in disputing the ALJ's assessment but this invites the Court to reweigh the evidence. It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ also found that Dr. Choi's opinion of marked limitations is inconsistent with his own examination findings. (AR 25.) His treatment notes from Pacific Clinics reflect that Plaintiff was sometimes depressed and anxious but otherwise had appropriate affect, and denied suicidal ideations or auditory or visual hallucinations. (AR 725, 727, 732, 734.) In April 2018, Plaintiff was calm and cooperative and had normal speech, linear thought processes, and fair to good insight and judgment. (AR 722.) She was considered stable even while dealing with the challenges of being a single mother and on other occasions. (AR 722, 727, 729, 732.) Dr. Choi found Plaintiff was only slightly impaired in carrying out simple instructions. (AR 645.) He also found that Plaintiff was competent to manage her own funds. (AR 651.)

Dr. Choi's opinions, moreover, are inconsistent with the opinions of the State agency psychological consultants, Dr. Suansilppongse and Dr. Willis. (AR 25.) They concluded that Plaintiff was capable of simple work in a setting involving infrequent contact with others. (AR 25.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2019). Plaintiff never addresses the opinions of Dr. Suansilppongse and Dr. Willis.

The ALJ also noted activities inconsistent with disability. She is able to shop in stores (AR 21) and has been caring for her infant son, which suggests an ability to perform both physical and mental activities and is inconsistent with serious limitations in those activities. (AR 24.) She completed a program at North West College to become a medical assistant. (AR 25, 98, 99.) An ALJ may reject a physician's opinion that is contradicted by Plaintiff's observed or admitted abilities or other evidence that indicates her symptoms are not as severe as alleged. Bayliss, 427 F.3d at 216.

Plaintiff argues that the ALJ ignored other reports that are not mental status examinations. Plaintiff's annual reassessments with some positive commentary and clinical interview notes that record Plaintiff's subjective complaints cannot overcome the other evidence cited by the ALJ, including unremarkable examinations, Dr. Choi's own treatment notes, the opinions of State agency physicians and Plaintiff's daily activities. As already noted,

9

it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

Plaintiff complains that the Commissioner did not consider the findings of Dr. Tomilowitz, the consulting psychologist, in determining whether Dr. Choi's opinions are inconsistent with the record. (JS 14:17-29.) The ALJ, however, rejected Dr. Tomilowitz's opinion for reasons discussed separately below.

The ALJ properly gave Dr. Choi's opinion partial weight, rejecting his marked limitations and predicted absences from work (AR 25) for specific, legitimate reasons supported by substantial evidence.

### 2. Dr. Tomilowitz

In her report of October 13, 2016 (AR 23, 482-488), consulting psychologist Heather Tomilowitz, Ph.D., diagnosed major depressive disorder, recurrent, severe. (AR 23, 487.) Plaintiff had a depressed and anxious mood during the evaluation and some impairment of immediate memory but normal affect, no impairment in recent or remote memory, unimpaired attention and concentration and unimpaired insight and judgment. (AR 23, 484-485.) Nonetheless, Dr. Tomilowitz opined that Plaintiff had moderate to severe impairments in several areas of mental functioning: (a) carrying out simple 1 or 2 step jobs, (b) doing detailed and complex instructions, (c) interacting with co-workers and the public, (d) maintaining concentration, (e) associating with day-to-day work activity, (f) accepting instructions from supervisors, (g) maintaining regular attendance, and (h) performing work activities without special or additional supervision. (AR 23, 487-488.)

The ALJ gave little weight to Dr. Tomilowitz's "severe" or "significant" limitations, because they are inconsistent with the evidence of record as a whole. (AR 25.) As already noted, mental status evaluations have been consistently normal or unremarkable with only depressed or anxious mood. (AR 25, 667, 677, 683, 690, 701, 722, 725, 727, 729, 732, 734.) Plaintiff's treatment notes document that Plaintiff was oriented as to time, place, person, and situation and had normal insight and judgment. (AR 667, 677, 683, 690, 70.) She also had

linear thought process and coherent thought content. (AR 722, 729.) She has denied suicidal or homicidal ideations. (AR 722, 729.) Dr. Tomilowitz's opinion that Plaintiff has moderate to severe limitations in carrying out simple 1 or 2 step jobs is inconsistent with Dr. Choi's opinion that Plaintiff is only slightly impaired on that measure. (AR 23, 645.) Dr. Tomilowitz's opinions also are inconsistent with those of the State agency psychological consultants (AR 25) and with Plaintiff's daily activities that include caring for her infant son. (AR 24.)

Dr. Tomilowitz's own examination reflects unremarkable findings. Dr. Tomilowitz noted Plaintiff denied any psychiatric hospitalizations, handles her own personal care, does her own grocery shopping, is able to attend doctors' appointments, and is able to go out alone. (AR 483-484.) Dr. Tomilowitz observed that Plaintiff has "some difficulty making decisions" and has depressed and anxious mood but has a coherent thought process and is non-delusional with no suicidal ideation or hallucinations. (AR 484.) Plaintiff was oriented as to time, place, and purpose, and displayed no impairment of recent or remote memory with some impairment of immediate memory. (AR 484.) Plaintiff's concentration and attention appeared unimpaired, and her insight and judgment appeared unimpaired. (AR 485.) Dr. Tomilowitz also wrote that Plaintiff was competent to handle funds. (AR 487.) Dr. Tomilowitz's opinion of Plaintiff's limitations is plainly at odds with the medical evidence of record, including her own findings.

The ALJ also rejected Dr. Tomilowitz's opinion of severe limitations because it was predicated in part on intelligence testing scores that were indicative of intellectual disability. (AR 25.) These results were inconsistent with Plaintiff's previous normal intellectual testing scores and with the fact she attended North West College and completed a program to become a medical assistant. (AR 25, 98, 99.) Dr. Tomilowitz did not have an opportunity to review Plaintiff's mental health treatment records and was unaware of the prior tests. (AR 25.) Plaintiff fell in the average range of functioning on these other tests. (AR 886, 887.) Dr. Choi, moreover, consistently noted Plaintiff had unimpaired intellectual functioning. (AR 610, 616, 714.) These findings plainly contradict Dr. Tomilowitz's opinion that Plaintiff's intellectual functioning was in the mildly retarded range. The evidence does not support a finding of intellectual disability that would establish a medically determinable impairment. (AR 20.) The

evidence does show that Plaintiff has a reading disorder that the ALJ accommodated in the RFC with a limitation to simple reading or writing at a fifth-grade level. (AR 26.)

Plaintiff argues that only some of the limitations identified by Dr. Tomilowitz were based on intellectual disability, those involving ability to carry out simple one or two step jobs, ability to carry out complex instructions, ability to accept instructions from supervisors, and ability to perform work activities without special supervision. (AR 487-488.) On four other measures, Dr. Tomilowitz based her severe limitations on depression and anxiety. (AR 488.) These include ability to interact with co-workers and the public, ability to maintain concentration and attention, ability to associate with day-to-day work activity, and ability to maintain regular attendance. (AR 488.) The ALJ, however, did not reject any of Dr. Tomilowitz's opinions solely based on intellectual functioning. He also found those opinions were inconsistent with the medical evidence of record as a whole. (AR 25.) This evidence includes Dr. Tomilowitz's own findings, in particular her finding that Plaintiff's concentration and attention appeared unimpaired. (AR 485.) The evidence also includes the opinions of State agency reviewers and Plaintiff's daily activities.

The ALJ rejected the opinion of Dr. Tomilowitz for specific, legitimate reasons supported by substantial evidence. The ALJ properly considered the medical evidence in formulating Plaintiff's RFC.

**II.   THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

**A.   Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the

severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 24.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely consistent" with the medical evidence and other evidence of record. (AR 24.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence. (AR 26.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's symptoms so long as it is not the only reasons for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). As already noted, Plaintiff's mental status examinations were consistently normal or unremarkable. (AR 24, 25.) The ALJ based his mental RFC on the opinions of State reviewing psychologists who concluded Plaintiff was capable of simple work in a setting involving infrequent contact with others. (AR 25.) The ALJ properly rejected the opinions of Dr. Choi

and Dr. Tomilowitz for specific, legitimate reasons supported by substantial evidence. The ALJ also noted Plaintiff's physical limitations and adopted the opinions of State reviewing physicians Dr. Scott and Dr. Han that Plaintiff was capable of performing light work with no more than occasional performance of postural functions. (AR 22, 24-26.)

Second, the ALJ found that Plaintiff's activities of daily living were inconsistent with her subjective symptom allegations (AR 24), which is a legitimate consideration in evaluating those allegations. Bunnell, 947 F.2d at 345-46. Here, the ALJ specifically noted that Plaintiff has been caring for her infant son since 2018, which is suggestive of an ability to perform both physical and mental activities and inconsistent with any serious limitations in performing physical and mental activities. (AR 24.) The record also indicates that Plaintiff is able to shop in stores (AR 21) and completed a program at North West College as a medical assistant. (AR 25, 98, 99.) Both Dr. Choi and Dr. Tomilowitz indicated Plaintiff can manage her own funds. (AR 487, 651.) Plaintiff argues that these daily activities do not prove she can work but they are inconsistent with any claim of extreme physical and mental limitations. See Valentine v. Comm'r of Soc. Sec., 574 F.3d 685, 693 (9th Cir. 2009).

Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 29, 2020

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE